IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA ANN WILBANKS, | ) | CASE NO. 1:12 CV 1670 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Before me by referral[1] is Yolanda Ann Wilbank's *pro se* action seeking judicial review of a decision of the Commissioner of Social Security under 42 U.S.C. § 405(g),[2] which matter was originally filed in the Lake County Court of Common Pleas and then removed here.[3] Specifically, the Commissioner now moves to dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[4] Although the Court ordered Ballard to file her response to this motion on or before September 21, 2012,[5] she filed no such response. Instead, Ballard has communicated her

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order on June 27, 2012, by United States District Judge James S. Gwin.

[2] ECF # 1, Attachment 2.

[3] ECF # 1, Attachment 1.

[4] ECF # 11.

[5] ECF # 12.

opposition to the motion directly to the Commissioner in a letter dated September 5, 2012, which the Commissioner subsequently filed.[6]

The Commissioner argues that 42 U.S.C. § 405(g) requires that suits for judicial review of decisions of the Commissioner of Social Security be brought in the United States district court for the judicial district in which the plaintiff resides and that, because this case was removed from state court, this Court's jurisdiction is merely derivative of that of the Ohio court, which had no jurisdiction over this matter.[7] Thus, the Commissioner argues, the proper course is for this Court to dismiss Wilbanks's case under the rule pronounced by the Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust.*[8]

The matter presented is straightforward. As the Commissioner correctly notes, Congress has specified that actions seeking judicial review of decisions of the Commissioner of Social Security be brought only in federal district court in the district where the plaintiff resides. Further, when a case is removed, as was this case, under the authority of 28 U.S.C. § 1442,[9] the federal court's jurisdiction on removal derives from that of the state court where

---

[6] ECF # 13.

[7] ECF # 11 at 4.

[8] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 n.27 (1983) (holding that in cases filed in state court for which exclusive jurisdiction is in the federal court, the proper course is to dismiss the case prior to reaching the merits).

[9] As the Commissioner notes, although Congress has abolished derivative jurisdiction for cases removed under 28 U.S.C. § 1441, it remains for matters removed under 28 U.S.C. § 1442. *See*, ECF # 11 n.2. *Also*, *Hines v. Astrue*, No. 3:11 CV 409, 2012 WL 2892236, at *2 (S.D. Ohio Feb. 21, 2012); *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012).

the matter was originally filed. Simply put, if the state court lacked jurisdiction over the action when it was filed there, the federal court on removal acquires none, even if the federal court would have jurisdiction over such a suit if originally brought in federal court.[10]

Thus, because Congress gave only a limited, specific waiver of sovereign immunity in 42 U.S.C. § 405(g) to provide for judicial review of decisions of the Commissioner of Social Security in federal district courts, and because the Lorain County Court of Common Pleas had no jurisdiction over Wilbanks's action when it was filed there, this Court acquired no jurisdiction when her matter was removed here. I recommend that the Commissioner's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) be granted without prejudice.

Dated: November 27, 2012                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[11]

---

[10] *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Graber v. Astrue*, No. 2:07 CV 1254, 2009 WL 728564, at *1 (S.D. Ohio Mar. 17, 2009).

[11] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).